UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER REESE,<br>    a/k/a "Christopher Eugene Thomas,"<br><br>                        Defendant. | **INDICTMENT**<br><br>24 Cr.<br><br>**24CRIM 402** |

## Overview

1.      For years, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, has run a scam targeting federal inmates and their family members, offering them sham legal services for hefty fees, while falsely promising favorable results in court cases that he cannot deliver (the "Legal-Services Fraud Scheme"). REESE has no license to practice law in New York State or anywhere else. He styles himself a "legal assistant," though he works without the supervision of a licensed lawyer and offers services only a lawyer is authorized to provide, including drafting and submitting legal filings in federal courts. REESE brings in business by overpromising beneficial outcomes to prisoners and their family members, while failing to disclose the unlawful nature of his unlicensed law practice. To hide his involvement from courts, REESE disguises his authorship of the filings, submitting documents under an inmate's own name and identifying them as filed "*pro se*" (a legal term which translates to, "for oneself"), i.e., by the litigant himself or herself.

2.      CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, has also hidden the substantial income from his sham law practice to avoid court-ordered payment obligations. Specifically, as part of a judgment in a prior criminal case, REESE was ordered to pay a certain percentage of his gross monthly income to satisfy a restitution obligation. He has

repeatedly lied to the United States Probation Office for the Southern District of New York and the United States Probation Office for the Eastern District of New York (together, "Probation"), concealing the income from the Legal-Services Fraud Scheme to avoid complying with his restitution obligations.

3.   A coconspirator ("CC-1") has assisted CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, in committing his crimes. CC-1 has acted as REESE's agent, formatting legal documents authored by REESE, mailing and emailing the documents to federal courts for filing, and accepting thousands of dollars on REESE's behalf from those who pay for REESE's unlicensed legal services. CC-1 has also received, held and moved the proceeds of the Legal-Services Fraud Scheme at REESE's direction, all of which helped REESE hide his income and assets from Probation.

### Background

4.   CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, has been performing unlicensed legal services for approximately 30 years. REESE typically sells these services directly to criminal defendants and without the supervision of an attorney.

5.   On or about January 24, 2014, in connection with a prior case in which CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, was a party, a judge of the United States District Court for the Southern District of New York entered a judgment against REESE, imposing, among other things, a three-year term of supervised release and a restitution obligation. On or about August 21, 2020, REESE began the term of supervised release.

6.   CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, was prohibited from providing unauthorized legal services not only by the laws of New York State, where he has resided and practiced without a license, but also by the terms of his supervised

release, which prohibit contact with known felons and the commission of further crimes. REESE has failed to disclose the extent of his criminal history, as well as the fundamentally illegal nature of his practice, to his victims before taking payment from them.

### REESE's Legal-Services Fraud Scheme

7.       CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, has obtained business for his unlawful legal practice by lying to his victims. To convince criminal defendants and their family members to pay him, REESE falsely claimed that the legal papers he could draft would dramatically reduce the inmates' prison sentences or result in their near-immediate release. He has also disparaged the inmates' actual lawyers, straining attorney-client relationships. REESE further failed to disclose to his victims that he is prohibited by law from providing legal services, that he is prohibited by the terms of his federal supervised release from interacting with convicted felons or otherwise violating state or federal law, and that his filings are routinely unsuccessful. Yet based on REESE's lies, REESE's victims have agreed to pay him thousands of dollars to draft and file motions in their own or their family members' criminal cases.

8.       Despite promises of favorable results by CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, court after court has dismissed REESE's filings as meritless, leaving the inmates no better off. Nonetheless, after failing to achieve the results he guaranteed, and at times after having initially promised that he would give a refund if a filing were unsuccessful, REESE has kept the money he took. Between in or about 2020 and 2023 alone, through his bogus law practice, REESE defrauded his victims of hundreds of thousands of dollars.

9.       CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, both alone and with the assistance of CC-1, has made purported *pro se* filings in federal courts across the country. Among them is the United States Court of Appeals for the Second Circuit, located in

the Thurgood Marshall United States Courthouse, at 40 Foley Square, New York, New York. REESE has also caused legal documents to be filed in cases before judges of the United States District Court for the Southern District of New York who have their chambers and receive filings in the Thurgood Marshall United States Courthouse. The Thurgood Marshall United States Courthouse is under the exclusive jurisdiction of the United States.

### REESE Defrauded Inmate-1's Family

10. On or about September 20, 2018, in the United States District Court for the Central District of California, a federal inmate ("Inmate-1"), pled guilty to narcotics and firearm offenses after reaching a plea agreement with the Government. The plea agreement set forth a factual basis for the charges, and stated, in substance, that Inmate-1 agreed that the factual basis for the charges was sufficient. On or about January 7, 2019, Inmate-1 was sentenced principally to 79 months' imprisonment.

11. On or about October 22, 2020, a family member of Inmate-1 ("Family Member-1") emailed CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, to request information regarding the possibility of releasing Inmate-1 from prison. The same day, REESE responded to Family Member-1, claiming that – in contradiction to the express terms of the plea agreement – there was no factual basis for the firearm offense, and therefore Inmate-1 "may be entitled to immediate release." REESE promised that if the motion were filed, Inmate-1 "would be entitled to immediate release on bail pending the disposition of the motion." On or about October 28, 2020, REESE again wrote Family Member-1 to urge Family Member-1 to pay him for legal services. REESE stated, in substance and in part, "[w]e believe that there is a substantial likelihood that [Inmate-1] will be released," and further promised, "[a]fter filing the

motion he could be immediately released. His release could very well come within a few weeks of the filing."

12. On or about November 3, 2020, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, wrote Family Member-1, "We need at least $2000. If you want a full money back guarantee you have to pay the fee in full." Between on or about November 4, 2020 and November 8, 2020, using an electronic payment service, another individual, with Family Member-1's knowledge, sent CC-1 four payments totaling $2,000. On or about November 6, 2020, REESE caused to be filed an "emergency motion for compassionate release" on the docket of Inmate-1's case. On or about January 11, 2021, the district court denied the motion. On or about November 19, 2021, the United States Court of Appeals for the Ninth Circuit upheld the district court's denial of the motion.

13. On or about May 12, 2022, Family Member-1 wrote CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, in substance and in part, "Okay so now we want our money back please." The next day REESE responded, "Unfortunately, unless and until all avenues have been exhausted (including appellate and Supreme Court petitions) I cannot even arrange for that. I'm sorry."

### REESE Defrauded Inmate-2 and Inmate-2's Family

14. On or about May 10, 2013, a federal inmate ("Inmate-2") pled guilty to a felony in the United States District Court for the Southern District of New York. On or about April 25, 2014, Inmate-2 was sentenced principally to 210 months' imprisonment.

15. On or about August 21, 2021, an individual used an electronic payment service to transfer $500 to CC-1 with a memo reading, "for [Inmate-2] motion." On or about August 23, 2021, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, caused a

motion for compassionate release on behalf of Inmate-2 to be filed on the electronic docket of the United States District Court for the Southern District of New York, before a judge with chambers in the Thurgood Marshall United States Courthouse. On or about July 11, 2022, the district court denied the motion.

16. On or about August 14, 2022, Inmate-2 emailed CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, "Mr. Reese, I think my motion got denied, can you verify it for me? Looks like the argument you mentioned ain't good enough. I already severed [sic] 75% of my time, feeling sad. What you say about the next step?" The next day, REESE responded, "We can appeal, or initiate a new motion which will result in the vacatur of the conviction" (i.e., resulting in the conviction being overturned). Inmate-2 asked, "Appeal looks slim, what argument we are using?" REESE replied, "the worst has already occurred. It's the sentence you are currently serving. Now, either you want to do something, or you want to do nothing." On or about August 16, 2022, REESE quoted the price for drafting the appeal at $1,350. That same day, CC-1 received a payment of $1,350, sent over an electronic payment service in the name of Inmate-2's codefendant. Inmate-2's family member ("Family Member-2") emailed REESE that day, "Already made the payment, did u receive it?" to which REESE responded, "Yea." Family Member-2 wrote REESE, "Please put extra effort on it, your are [sic] our last hopes." REESE replied, "Gotcha."

17. On or about, September 28, 2022, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, submitted a motion for appointment of counsel on behalf of Inmate-2 to the United States Court of Appeals for the Second Circuit, which docketed the filing on its electronic filing system, then struck the filing as defective because it was missing supporting papers. On or about August 23, 2023, REESE emailed a brief on behalf of Inmate-2

to the United States Court of Appeals for the Second Circuit, which docketed the filing on its electronic filing system. On or about April 2, 2024, the appellate court denied the appeal.

### REESE Defrauded Inmate-3 and Inmate-3's Family

18. On or about December 22, 2021, a judge in the Southern District of New York ("District Judge-1") accepted a federal inmate's ("Inmate-3") plea of guilty to a narcotics charge. The charge carried a mandatory minimum term of five years' imprisonment, and a maximum term of forty years.

19. On or about February 13, 2022, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, wrote to a family member of Inmate-3 ("Family Member-3"), regarding Inmate-3, "We may be able to get him out now." REESE also wrote Family Member-3 that day, "He's scheduled to be sentenced in April, but there are things the [sic] could be done in mitigation and they could result in his release pending sentencing and no jail term, if he moves quickly." On or about February 16, 2022, on a recorded phone call, REESE told Inmate-3 and Family Member-3, "Basically, we've already determined that we can get him out. I just need to give you the particulars."

20. On or about February 17, 2022, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, again spoke to Inmate-3 and Family Member-3 on a recorded call, offering to prepare legal documents for Inmate-3. REESE promised Inmate-3 that the documents would "cap you out at 10 years," which "could be time served anyway" – meaning, in substance, that Inmate-3 would only have a 10-year maximum sentence, and could be released on the day of his sentencing in approximately two months. REESE reiterated, "I see this ending up with a sentence of conceivably less than 5 years." REESE attacked Inmate-3's lawyer for not achieving this result, claiming that the lawyer, "didn't pay attention, maybe he's not smart

enough, who knows, I don't know, I can't, I won't attempt to explain away his deficiency." REESE offered to prepare the documents and file them with the court for $5,000. Inmate-3 promised REESE that Family Member-3 would send REESE the money.

21. Later the same day, Family Member-3 sent $1,000 to CC-1 through one electronic payment service, and $4,000 to CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, through another electronic payment service. REESE then emailed Family Member-3 a document entitled "FEE AGREEMENT FOR LEGAL SERVICES," on letterhead reading, "REESESEARCH LEGAL ASSISTANT & INVESTIGATIVE SERVICES FOR FEDERAL PRISONERS." The document read as follows, in substance and in part:

> It is the understanding of the parties that the following services will be provided in exchange for a fee of $5,000.00. (A) Legal Research and Assistance with the preparation and filing of a sentencing mitigation memorandum addressing the client's extraordinary acceptance of responsibility, the improper career offender classification, and other anomalies in the case; and, (B) Any other assistance the Service Provider deems necessary to effectuate the release of the client. This agreement shall become effective with the remittal of the aforementioned legal fee, which we acknowledge having received on this date.

22. On or about on February 25, 2022, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, emailed a PDF entitled, "[Inmate-3] SENTENCING MEMO" to an email inbox maintained by the United States District Court for the Southern District of New York for *pro se* filings, and to the chambers email inbox of District Judge-1. However, the motion never appeared on the court's docket and District Judge-1 did not indicate at sentencing that the motion had received any consideration. On or about August 2, 2022, District Judge-1 sentenced Inmate-3 principally to 144 months' imprisonment. REESE did not return the $5,000.

### REESE Attacked the Attorney-Client Relationship of Inmate-4

23.    On or about December 19, 2019, Inmate-4 was indicted on federal felony charges in the United States District Court for the Eastern District of Pennsylvania. The court appointed an experienced criminal defense lawyer ("Lawyer-1") to represent Inmate-4.

24.    On or about September 22, 2021, a family member of Inmate-4 attempted to use an electronic payment service to send $2,500 to CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, but the service declined to make the payment. The family member then used a different electronic payment service to send $2,500 to CC-1.

25.    On or about September 26, 2021, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, emailed Lawyer-1 a copy of a proposed motion that REESE had drafted on Inmate-4's behalf. That day, the two exchanged several emails regarding the proposed motion.

- Lawyer-1 wrote to REESE, "the Eastern District of Pennsylvania does not allow hybrid representation. In other words, [Inmate-4] cannot represent himself pro se with you ghost writing for him while I represent [Inmate-4] pursuant to the [Criminal Justice Act, i.e., as court-appointed counsel]." Lawyer-1 further wrote, "my review of your proposed Motion indicates that it lacks merit and would therefore violate the Rules of Professional Responsibility even if I did work with ghost writers. It makes arguments that have no support in the law." Lawyer-1 concluded, "In summary, there is one potential outcome for your Motion, and that is dismissal, with the unfortunate biproduct of destroying whatever goodwill [Inmate-4] still has with the Government. If [Inmate-4] insists on the proposed Motion being filed, I will promptly move to withdraw my appearance on his behalf."

- REESE responded, in substance and in part, "Should [Inmate-4] desire to proceed with the motion, I will also assist him with a motion for substitute counsel."
- Lawyer-1 then warned REESE:

    [This] appears to involve a paralegal not licensed to practice law in any jurisdiction, apparently unfamiliar with the Third Circuit or Eastern District of Pennsylvania, giving "ideas" to a federal defendant without the benefit of reviewing any discovery in this case. It sounds a bit like the unauthorized practice of law.

    If you continue to lead [Inmate-4] down this road, you will end up imploding any chance of a favorable resolution of this case and your "client" will likely spend the rest of his life in [prison]. The Motion to dismiss is cookie cutter, and one of the few Third Circuit cases it cites, US v Schneider, rejected the arguments you are now advancing. This Motion will likely be summarily denied, and with it, [Inmate-4] will have burnt his last bridge with the Government.

- REESE responded as follows:

    Well, sir, you should probably speak with him. I have already shared with him my views on the likely outcome -- having had professional involvement in thousands of federal cases over the past thirty years (including a significant number in the Eastern District of Pennsylvania, the Third Circuit, every other circuit and countless district courts throughout the country). Be not misled by my status as a non-attorney. When you got your degree in 1993, I had already authored more than 3000 post-conviction petitions in the State of Texas alone. So, I may not be an attorney, but I believe my experience in this arena far exceeds yours. In fact, the fact that you have concluded -- without conducting any research -- that the proposed motion is baseless speaks to your experience. Have a nice day, sir.

26.  On or about March 28, 2022, Lawyer-1 asked the court for permission to withdraw as Inmate-4's lawyer, citing his client's dissatisfaction. The court granted the application. On or about June 29, 2022, Inmate-4 pled guilty to several felony offenses, and on or about May 9, 2023, Inmate-4 was sentenced principally to 35 years' imprisonment. The motion drafted by CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, was never filed with the court. REESE did not return the money to Inmate-4's family member.

### REESE Lied to Probation

27. By court order dated on or about July 29, 2014, as part of his prior criminal case, a judge of the United States District Court for the Southern District of New York issued an amended judgment requiring CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, to pay $66,985.55 in restitution, payable in monthly installments of 15% of REESE's gross monthly income beginning 30 days after his release from custody while he was on supervised release.

28. Probation monitored payments by CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, in connection with his supervised release term, periodically questioning REESE and requiring REESE to fill out a statement of net worth to determine what 15% of his gross monthly income would be. To convince Probation to reduce his required monthly payments, REESE lied to Probation, by telling Probation he had no income and by emailing Probation a financial statement falsely claiming he had no assets. REESE's claims to Probation were false; in truth, after he began serving supervised release in or about 2020, REESE's fraudulent legal-services business brought in hundreds of thousands of dollars, which REESE concealed from Probation in order to avoid complying with his restitution obligations.

29. CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, still owes tens of thousands of dollars in restitution, having paid only a small fraction of what he owes.

### REESE and CC-1 Agreed to Launder the Proceeds of the Legal-Services Fraud Scheme

30. In order to conceal his illicit income from Probation, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, agreed with CC-1 to launder the proceeds of the Legal-Services Fraud Scheme. REESE used CC-1 as a *de facto* banker, with CC-1 receiving funds both from REESE and directly from victims, holding cash for REESE, providing cash to

11

REESE and paying expenses at REESE's direction. When performing these financial services for REESE, CC-1 received and withdrew funds from CC-1's account at a particular bank ("Bank-1"). CC-1 received funds, in part, through a particular mobile payment service (the "Mobile Payment Service"), which was both linked to CC-1's account at Bank-1 and registered to an email address REESE used to communicate with his clients. REESE instructed victims to pay CC-1, whom he referred to as his "assistant." Victims in fact sent money to CC-1, including through the Mobile Payment Service and a global money transmitting service.

31. For instance, in or about June 2021 and July 2021, through the Mobile Payment Service, CC-1's Bank-1 account received multiple payments totaling thousands of dollars, with memos including "Legal Representation," "Retainer," and "Lawyer fee ([name])". On or about August 13, 2021, CC-1 texted CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, "I'm going to the mall near you. You wanna meet me at [Bank-1] for cash?" REESE responded: "What time?", and then, "Working on a motion." The same day, approximately $1,060 was withdrawn from CC-1's Bank-1 account from an ATM at a mall a few miles from REESE's residence.

32. REESE asked CC-1 to hold cash for him. For instance, on or about September 13, 2021, Reese sent CC-1 the following messages:

> I have 2500 I picked up from somebody last night that I have to send to this chick in Jersey
> I'm waiting for him to tell me if I should wait for his brother to give me the balance
> But I may bring it down just so it's not here
> And at least 1500 of my own because I don't want that here either
> ...
> You can take 150 from what you are holding
> That will leave you with 900 until I drop my cash there
> I'm gonna drop at least 1600 of my own and the 2500 for the wife of this dude

33. CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, and CC-1 kept track of the cash CC-1 was holding for REESE by text message, with CC-1 making withdrawals and deposits at REESE's direction. For instance, on or about February 25, 2022, REESE texted CC-1, "You're now holding19000" [sic], then, "You really needed to go to the bank." On or about February 26, 2022, REESE texted CC-1, "You're now holding $13,500" / "I withdrew 3000 and you sent [another individual] 2500." Aligning with the content of REESE's text messages, on or about February 25 and 26, 2022, CC-1 withdrew approximately $3,000 from Bank-1, and sent one individual $2,500 by mobile payment.

34. In or about February 2022 and March 2022, CC-1's account at Bank-1 continued to receive proceeds of the Legal-Services Fraud Scheme through the Mobile Payment Service. For instance, CC-1 received $5,000 on or about February 24, 2022 for "legal assistance fee," $2,000 on or about February 25, 2022 for "Legal FEE," and $4,000 on or about March 7, 2022 for "paralegal work legal Fee."

35. On or about March 16, 2022, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, texted CC-1: "We need to take everything out of the bank", and, "I see issues arising later." CC-1 "Liked" the message. On or about March 17, 2022, REESE texted CC-1, "What's in the bank." CC-1 responded, "3k." REESE replied, "Ok so you're holding a total of 4500 because I took 15 earlier."

[continued on next page]

## Statutory Allegations

### COUNT ONE
(Wire Fraud Conspiracy)

The Grand Jury charges:

36. From at least in or about 2020 through at least in or about 2023, in the Southern District of New York and elsewhere, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

37. It was a part and an object of the conspiracy that CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, REESE agreed with others to make false and fraudulent statements, representations and promises to federal inmates, their family members and friends, in order to obtain money from those individuals for unlicensed legal services.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

38. From at least in or about 2020 through at least in or about 2023, in the Southern District of New York and elsewhere, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, and aided and abetted the same, to wit, REESE engaged in scheme to make false and fraudulent statements, representations and promises to federal inmates, and their family members and friends, in order to obtain money from those individuals for unlicensed legal services.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Unauthorized Practice of Law in a Federal Enclave)

The Grand Jury further charges:

39. In or about 2023, in the Southern District of New York, within and upon a place reserved and acquired for the use of the United States, and under the exclusive jurisdiction thereof, to wit, the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, unlawfully, willfully and knowingly made it a business to practice for another as an attorney in any court and before any magistrate, and falsely held himself out as a person who can provide services that only attorneys are authorized to provide; and caused another person to suffer monetary loss or damages exceeding one thousand dollars and other material damage resulting from impairment of a legal right to which that other person was entitled, to wit, REESE, who was not licensed to practice law in New York State, offered and provided legal research and writing services to parties in criminal cases heard in the Thurgood Marshall United States Courthouse, and drafted and caused a legal brief to be filed before the United States Court of Appeals for the Second Circuit on behalf of a party without the supervision of a licensed attorney, and charged a party and a party's family more than $1,000 for these unlicensed legal services.

(Title 18, United States Code, Sections 7, 13 and 2)
(New York Judiciary Law, Sections 484 & 485-a)

## COUNT FOUR
### (False Statements to Probation)

The Grand Jury further charges:

40.     From at least in or about 2022 through at least in or about 2023, in the Southern District of New York and elsewhere, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, in a matter within the jurisdiction of the judicial branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up a material fact by trick, scheme, and device, and made a materially false, fictitious, and fraudulent statement and representation, to wit, REESE made material false statements to a United States Probation Officer, falsely understating his monthly income and financial assets in order to reduce his monthly restitution payments, including, on or about March 3, 2022, emailing to the Probation Officer a signed financial statement that falsely failed to disclose an account REESE maintained with a mobile payment service, which had a positive account balance.

(Title 18, United States Code, Sections 1001, and 2)

## COUNT FIVE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

41. From in or about at least 2021 through at least in or about 2022, in the Southern District of New York and elsewhere, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

42. It was a part and an object of the conspiracy that CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

43.     As a result of committing the offenses alleged in Counts One and Two of this Indictment, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

44.     As a result of committing the offense alleged in Count Five of this Indictment, CHRISTOPHER REESE, a/k/a "Christopher Eugene Thomas," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

45.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney