```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
  UNITED STATES OF AMERICA,                                       :
                                                                  :    24-CR-402 (VEC)
                 -against-                                        :
                                                                  :    OPINION & ORDER
  CHRISTOPHER REESE,                                              :
                                            Defendant.            :
                                                                  :
------------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

In advance of the trial in this matter scheduled for March 10, 2025, the Government submitted motions *in limine*. *See* Mot. *in Limine*, Dkt. 69; Supplemental Mot. *in Limine*, Dkt. 70; Supplemental Mot. *in Limine*, Dkt. 83; Mot. *in Limine*, Dkt. 91. At the pretrial conference on March 6, 2025, the Court granted the Government's motions orally and noted that it would issue a written opinion on the motion to exclude the proposed expert testimony of Tyler Maulsby. For the reasons discussed at the March 6, 2025, conference and in this opinion, the motion is GRANTED.

## BACKGROUND

The Court assumes the parties' familiarity with the procedural and factual background of this matter. As relevant to this opinion, Christopher Reese is charged with, among other things, unlicensed practice of law in a federal enclave pursuant to 18 U.S.C. § 13 and New York Judiciary Law §§ 484, 485-a. Ind., Dkt. 1, ¶ 39. At trial, Mr. Reese seeks to introduce expert testimony from Tyler Maulsby, a lawyer who specializes in legal ethics and professional responsibility. Maulsby Expert Rep. (the "Original Report" or "Original Rep."), Dkt. 70-1, at 1. Mr. Maulsby's Original Report contained an historical overview of the rules and regulations governing the unauthorized practice of law and the role of inmate counsel (colloquially referred to as "jailhouse lawyers") in providing law-related services to incarcerated people. *Id.* at 3–6. In

the Original Report, Mr. Maulsby also opines that Mr. Reese's alleged conduct did not constitute activities that are the exclusive province of licensed lawyers. *Id.* at 6–9.

The Government moved *in limine* to exclude the Original Report, arguing, among other things, that it improperly set forth legal conclusions rather than factual ones and that it failed to reliably analyze the facts of the case. *See* Supplemental Mot. *in Limine*, Dkt. 70, at 8–14. The Court credited those arguments at a February 26, 2025, conference, but gave Mr. Reese the opportunity to submit a new report from Mr. Maulsby that is more narrowly focused on issues relevant to his defense that he did not "willfully" violate New York's laws against the unauthorized practice of law. Ind. ¶ 39.

Mr. Reese filed a new report from Mr. Maulsby and the Government filed another motion *in limine* to exclude it. *See* Supplemental Maulsby Rep. (the "Revised Report" or "Revised Rep."), Dkt. 88; Mot. *in Limine* to Preclude Expert Testimony, Dkt. 91. In the Revised Report, Mr. Maulsby opines that the services Mr. Reese provided, as described in the Indictment, are comparable to those of two purportedly common providers of non-lawyer legal services: legal document providers and inmate counsel programs. Revised Rep. at 2–4.

## DISCUSSION

I.  **Legal Standard**

Pursuant to Federal Rule of Evidence 702, a person "qualified as an expert by knowledge, skill, experience, training, or education" may offer opinion testimony if, among other requirements, it is "based on sufficient facts or data" and "is the product of reliable principles and methods." Fed. R. Evid. 702; *see also* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). The threshold question is whether the "proffered expert testimony is relevant." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002). An expert's opinion is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R.

2

Evid. 702(a). Testimony is not helpful to the jury if it "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (citation omitted). Like all evidence, even relevant expert testimony may be excluded "if its probative value is substantially outweighed by a danger of . . . undue prejudice." Fed. R. Evid. 403.

## II.     Testimony Regarding Legal Document Providers

To the extent Mr. Maulsby seeks to opine that the services Mr. Reese allegedly provided are analogous to those of a legal document provider, that testimony is irrelevant. Neither the Original Report nor the Revised Report gives any indication as to what specific legal document service providers Mr. Maulsby intends to liken to Mr. Reese. The Court, however, is not aware of any non-lawyer document service provider that provides customers with briefs to be used in connection with criminal proceedings — and Mr. Maulsby directs the Court to no such service. The lack of specifics in the Original and Revised Reports renders any comparison between Mr. Reese, a human being who is accused of obtaining information about a case (either through conversations or by reviewing the relevant court docket) and drafting legal briefs on their behalf, and legal document service providers, which, according to Mr. Maulsby, generally "use technology to generate . . . documents," entirely too attenuated to be admissible. Revised Rep. at 3.

To the extent Mr. Maulsby's testimony bears any marginal relevance, its probative value is substantially outweighed by the risk that the jury will interpret it to set forth a legal, rather than factual, conclusion. *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion."). The services to which Mr. Maulsby refers "provide document generation services where a customer provides certain information necessary to prepare the document and the provider generates the document for the customer to review and use." Revised Rep. at 3.

3

According to Mr. Maulsby, "[t]he common thread throughout these types of providers is that they are not holding themselves out as licensed lawyers and the customer is aware that they are not receiving advice from a lawyer." *Id*. Taking Mr. Maulsby's position at face value, he appears to argue that the preparation of legal documents can never constitute the unauthorized practice of law, so long as the person or entity preparing them does not falsely claim to be a lawyer.[1] That is straightforwardly a legal, rather than factual, conclusion — and one that the Court already rejected when it denied Mr. Reese's pretrial motions. *See* February 26, 2025, Order; *In re Schwerzmann*, 408 N.Y.S.2d 187, 189 (1st Dep't 1978) (the practice of law includes "the preparation of legal instruments of all kinds").

### III.   Testimony Regarding Inmate Counsel Programs

Mr. Reese also seeks to introduce testimony from Mr. Maulsby about the history and general practice of inmate counsel programs. This testimony is excluded for two reasons.

First, Mr. Maulsby has no apparent qualifications to opine on inmate counsel programs. Mr. Maulsby is an attorney who "represent[s] lawyers and law firms" — not laypeople — "in a wide variety of legal ethics and professional responsibility matters." Original Rep. at 1. He alludes generally to experience "advising lawyers and non-lawyers on issues related to the unauthorized practice of law," but nothing in his Reports or *curriculum vitae* suggests that he has had any exposure to inmate counsel programs, let alone enough to be qualified as an expert on such programs. *Id*; *see also id.*, Ex. A (Maulsby's *curriculum vitae*). He states in his Revised Report that he developed "familiarity with inmate counsel programs" during his four years as a criminal defense attorney, but this assertion is entirely conclusory. *Id.*, Ex. A at 2. He does not explain — and the Court cannot intuit — how working as a criminal defense attorney equipped

---

[1]   Indeed, Mr. Maulsby made that argument explicitly in the Original Report. *See* Original Rep. at 3 ("[I]t is my opinion, within a reasonable degree of professional certainty, that the actions attributed to Mr. Reese in the Indictment, are not consistent with activities that are within the exclusive province of licensed lawyers. In particular, the Indictment does not allege that Mr. Reese held himself out as a lawyer licensed to practice law in New York or that Mr. Reese appeared as counsel before any court or tribunal.").

him with any in-depth understanding of non-attorney inmate-to-inmate legal counseling.  Put simply, he has failed to show that he is "qualified as an expert by knowledge, skill, experience, training, or education" to opine on the history and practices of jailhouse lawyers.  Fed. R. Evid. 702.

Second, there is a gap between the testimony Mr. Reese wishes to elicit from Mr. Maulsby, which might be relevant to Mr. Reese's defense, and the content of Mr. Maulsby's report, which is not.  According to Mr. Reese, the history of inmate counsel programs is relevant because the Government has charged him with willfully engaging in unauthorized practice of law, meaning it "must prove not only that Mr. Reese intentionally committed the alleged acts . . . but also that he did so *intending to violate New York's criminal unauthorized practice of law statutes*."[2]  Reese Mem., Dkt. 79, at 4 (emphasis in original).  Because Mr. Reese began providing law-related services while he was incarcerated, and because inmate counsel programs can be legal, he claims he believed that it was legal to continue providing unlicensed legal services even after he was released from prison.  Setting aside whether a jury would find this argument credible, the Court agrees that, to the extent Mr. Reese intends to mount this defense, it would be reasonable for him to proffer an expert to testify about the services that inmate counsel programs can and do legally provide.

The problem is that Mr. Maulsby does not provide such testimony.  He asserts that "inmate counsel programs are well-recognized throughout the country as alternatives to legal representation by licensed attorneys," but "draw[s] no conclusion" as to whether those programs "constitute the unauthorized practice of law in New York."  Revised Rep. at 3–4.  While Mr.

---

[2]  The Court notes that the defense's presumed definition of willfulness is not correct.  In order to prove that the Defendant acted willfully, the Government must "prove that the [D]efendant's conduct was knowing and purposeful and that the [D]efendant intended to commit an act which the law forbids."  *United States v. Allah*, 130 F.3d 33, 38 (2d Cir. 1997).  It is not necessary for the Government to prove that the Defendant acted with an intent to violate any specific law so long as it proves that he acted with "general knowledge that he . . . is violating the law."  *Id*.

5

Maulsby's testimony may validate Mr. Reese's position that inmate counsel programs are common, it is not evidence that (i) such programs generally successfully avoid running afoul of New York's law on the unauthorized practice of law or (ii) Mr. Reese's jailhouse practice in particular did so.  It is unclear, therefore, how Mr. Maulsby's testimony would help the jury assess the credibility of Mr. Reese's planned defense that he believed his conduct did not violate New York's unauthorized practice of law statutes.  Accordingly, even if Mr. Maulsby were qualified to opine on the history and practices of inmate counsel programs (which he is not), the opinions he seeks to offer are not relevant to Mr. Reese's stated defense.[3]

## CONCLUSION

For the foregoing reasons, the Government's motion to exclude Mr. Maulsby's testimony is GRANTED.

**SO ORDERED.**

Date:  March 12, 2025
       New York, NY

　　　　　　　　　　　　　　　　　　　VALERIE CAPRONI
　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[3] To the extent there may be some marginal relevance, it is outweighed by the danger of confusion.  Fed. R. Evid. 403.