P443REEC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         24 CR 402 (VEC)

CHRISTOPHER REESE,

                Defendant.

------------------------------x    VOSR

                                   New  York,  N.Y.
                                   April  4,  2025
                                   10:00 a.m.


Before:

            HON. VALERIE E. CAPRONI,

                                   District Judge


                   APPEARANCES

MATTHEW PODOLSKY
     Acting United States Attorney for the
     Southern District of New York
JOSIAH PERTZ
     Assistant United States Attorney

ZACHARY MARGULIS-OHNUMA
     Attorney for Defendant

ALSO PRESENT:  U.S. Probation Officer Larren Riley
```

1  THE DEPUTY CLERK:  The Honorable Valerie Caproni
2  presiding in the matter of United States of America v.
3  Christopher Reese, 24 Cr. 402.
4  Counsel, please state your appearance for the record.
5  MR. PERTZ:  Good morning, your Honor.  Josiah Pertz
6  for the government here with U.S. Probation Officer Larren
7  Riley.
8  MR. MARGULIS-OHNUMA:  Good morning.  Zachary
9  Margulis-Ohnuma for the defendant supervisee Christopher Reese
10 who is standing next to me.  Good morning, your Honor.
11 THE COURT:  Good morning, Mr. Margulis.  Good morning,
12 Mr. Reese.
13 THE DEFENDANT:  Good morning, your Honor.  Happy
14 Friday.
15 THE COURT:  So Mr. Reese, as I'm sure your lawyer has
16 told you, the violation of supervised release that had been in
17 front of Judge Marrero has been transferred to me on the theory
18 that would be much more efficient.
19 I think you have already been arraigned on all these
20 charges.  Do you understand that you are charged with three
21 counts of violating supervised release, having committed a
22 crime by making false statements to a probation officer, having
23 committed a crime by failing to disclose all pertinent
24 information to the probation officer, and knowingly associating
25 with a known felon?

P443REEC

1    THE DEFENDANT: I think you missed one, your Honor.
2    THE COURT: I missed one?
3    THE DEFENDANT: Yes, number 4.
4    THE COURT: Perhaps I did. What's the fourth one,
5    Mr. Reese?
6    THE DEFENDANT: Failure to pay restitution.
7    THE COURT: Failure to pay restitution. Okay. So,
8    Mr. Margulis, your client had requested a hearing in front of
9    Judge Marrero. We've now had a full trial. So, what's the
10   defendant's position at this point?
11   MR. MARGULIS-OHNUMA: Well, the defendant's position
12   is that the -- as a matter of law, that the petition is not
13   sound, and I would like some time to brief that. The main
14   issue is that it was brought after -- the warrants issued after
15   he had ended his supervision.
16   THE COURT: The warrant was issued after he had
17   completed --
18   MR. MARGULIS-OHNUMA: So the warrant was issued on the
19   afternoon of April 16. He had completed his supervision
20   earlier the day before in our view.
21   THE COURT: According to the report, supervision
22   expired April 17 and the violation was done on April 16. I'm
23   not sure I have the date that the warrant was signed.
24   MR. MARGULIS-OHNUMA: I think the warrant was signed
25   on the afternoon on the 16th. But our view is that the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   supervision ended on the morning of the 16th.

2            THE COURT:  Is your position is that the report is
3   incorrect when it says supervision expired April 17, 2024?

4            MR. MARGULIS-OHNUMA:  Correct.

5            THE COURT:  Oh.

6            MR. MARGULIS-OHNUMA:  I'd like to put pen to paper on
7   this.

8            THE COURT:  Okay.

9            MR. MARGULIS-OHNUMA:  Maybe when I do I'll change my
10  mind and withdraw it, but I'd like a little time on that.
11  We've been focused on other things since the end of the trial.

12           THE COURT:  That's fine, there is no particular rush,
13  although I will say that my goal is to wrap this up at the same
14  time that we wrap the criminal case up, so that everything is
15  handled -- if the violation goes forward, that we are in a
16  position for me to sentence him on the violation at the same
17  time as I sentence him on the criminal case.  And if the
18  violation doesn't go forward, then obviously that's a moot
19  point.  But that's my goal.

20           So how long would you like to make -- you are going to
21  make a motion to dismiss the violation I presume?

22           MR. MARGULIS-OHNUMA:  That's correct, your Honor.
23  Given my personal problems or personal obligations I have next
24  week, plus the pendency, I have the Rule 33, Rule 29 motions
25  for the trial due the following Friday.  So I think I would

1    need another week, so that would be like three weeks from
2    today.
3            THE COURT:  That takes us to the end of April.
4            MR. MARGULIS-OHNUMA:  Yes.
5            THE COURT:  So that would be April 25.
6            MR. MARGULIS-OHNUMA:  I'll probably regret this but I
7    wonder if I could have until the following Monday, the 28th.
8            THE COURT:  Sure.  So the motion to dismiss is due
9    April 28.  Mr. Pertz, your response will be due May 19.  And
10   any reply will be due May 26.
11           What's the sentencing date on this case?
12           THE DEPUTY CLERK:  June 26 I believe, Judge.
13           THE COURT:  June 26, okay.  So that should be fine.
14   Anything further from the government, Mr. Pertz?
15           MR. PERTZ:  No, your Honor.  And to make clear, the
16   government also is not seeking a hearing on the violation.  If
17   the report is as it currently is, we would submit a letter at
18   some point pointing out where in the trial record we think the
19   evidence is sufficient, maybe attach a couple more documents
20   that would not require a live witness to introduce.
21           I've had some discussions with defense counsel about
22   another aspect of the motion, I just want to clarify and see if
23   that is something that the defense thinks is still live and
24   that's just specifying that second 1001, there are two 1001s
25   alleged, and one is specific to the false financial statement,

1    and the other does not in the specification itself say what it
2    is Mr. Reese is lying about.
3             I think it's clear from the report, and further
4    through the trial testimony, that the false statements are as
5    to Mr. Reese's making filings on other's behalf, having contact
6    with felons but lying about it, and Mr. Reese said he was
7    unemployed, but in fact he was continuing this unauthorized
8    employment.  I think that's all implicit in the report.
9             We have the officer who wrote it next to me.  If there
10   is going to be a motion about the specificity of circumstance
11   one, I think we can quickly now in oral argument, to save from
12   briefing it, but I'm not sure whether that's a motion the
13   defense currently plans to make.
14            MR. MARGULIS-OHNUMA:  Yes, it is.  But again, I'd like
15   to write on it.  If they're going to amend, now would be the
16   time.  If you want to give us a specific statement, then
17   obviously we wouldn't be making that motion.
18            THE COURT:  Far be it for me to discourage vigorous
19   advocacy on behalf of your client.  But even if that
20   specification goes away, you've got three others.  I've never
21   heard of anybody stacking sentences for violations of
22   supervised release on top of each other.  So I'm not sure what
23   we're gaining from -- putting aside your issue, which I fully
24   understand, if in fact the violation report was out of time,
25   but it seems to me, to the extent there is a lack of

1   specificity and you don't think you understand what you are
2   being charged with -- this is in the first charge, the first
3   specification, is that the issue?  Or is it the second one,
4   because there are two 1001.
5           MR. MARGULIS-OHNUMA:  One of them has a specific
6   financial statement, so that one is adequate.  I think it
7   was --
8           THE COURT:  So it's Specification One, which is just
9   the defendant willfully falsified, concealed, or covered up a
10  material fact, that's the one you are saying is insufficiently
11  specific?
12          MR. MARGULIS-OHNUMA:  Yes.  I don't have it in front
13  of me, but I think that's right.
14          THE COURT:  I have it in front of me.  Specification
15  Number One is that the defendant covered up by trick, scheme or
16  device a material fact, in violation of 18 U.S.C. Section 1001,
17  in that Christopher Reese knowingly made false representations.
18  And then Specification Two is again a 1001 violation, in that
19  he omitted information on a personal financial statement which
20  is also a 1001.
21          So I just want to understand what the issue is.  The
22  issue is you think there is insufficient specificity as to
23  Specification One?
24          MR. MARGULIS-OHNUMA:  With One it says as to the
25  statements, and with Two it says to what was supposed to be

P443REEC

1   omitted.

2               THE COURT:  Correct.

3               MR. MARGULIS-OHNUMA:  So we think both are
4   insufficiently specific.

5               THE COURT:  Okay.  Mr. Pertz.

6               MR. PERTZ:  There is no question that at this point
7   that the defendant is on notice of exactly what is being
8   charged here.  We had extensive testimony on this at trial.
9   I've just made it clear on the record.  If there's -- we're not
10  at the point of adjudicating the specifications, I mean, is
11  there really a legitimate question right now, after we've just
12  talked it through?

13              If we need to write a little more in the
14  specification, all right.  But I just don't see this being an
15  issue for determining whether or not he violated.  I am not
16  even sure that kind of specificity is required.

17              MR. MARGULIS-OHNUMA:  Can I just suggest the simplest
18  way to dispose of this is for them to amend the specifications
19  to track the jury verdict and the indictment, and I don't think
20  that we can oppose that.  And then we can focus on the
21  arguments we think are live.

22              As it stands I'm not sure, I don't think it is -- I
23  don't think the first two specifications are sufficient.

24              THE COURT:  As I recall there was a general jury
25  verdict on the 1001 count with no breakout of exactly what the

1  false statement was.  I've never heard of a bill of particulars

2  in the context of a violation of supervised release.  But it

3  sounds like that's what you are looking for.

4  　　　　　MR. MARGULIS-OHNUMA:  That may cure it, yeah.

5  　　　　　THE COURT:  Okay.  So I think we can accomplish this

6  with a letter.  I don't think the report needs to be amended.

7  So, if the government can provide a letter to the Court and to

8  the defense, can you do that by next Friday?  I'm sure you can

9  do it before that.  But is next Friday adequate, Mr. Pertz?

10 　　　　　MR. PERTZ:  Yes.  And maybe the thing to do is write

11 our general submission about the evidence by next Friday as

12 well, and I think that will solve the problem of the

13 specificity and also put the evidence from trial before the

14 Court substantively.

15 　　　　　THE COURT:  I am going to ask you to, as part of that

16 letter, have just a list of these are the specific false

17 statements that are charged under Specification One, these are

18 the specific omissions charged under Specification Two, because

19 I would like to take this off as an issue.

20 　　　　　I agree with you, Mr. Pertz, I don't think this is an

21 issue.  I think we are churning for no particular reason, but

22 that's fine.  Again, it only takes one of these to -- and it's

23 clear from the evidence at trial that the defendant failed to

24 make restitution when he was able to do so.  So, if nothing

25 else, it seems to me that based on the evidence I've already

1    heard, assuming the violation survives from a timing
2    perspective, there is likely to be, because it is only a
3    preponderance of the evidence.  So, but I haven't prejudged
4    anything.
5            MR. MARGULIS-OHNUMA:  I'm hearing you loud and clear.
6    If I may have one minute with my client.
7            (Defendant conferring with his counsel)
8            MR. MARGULIS-OHNUMA:  Judge, I'm not authorized to
9    concede anything at this point.  I am going to keep my briefing
10   short and to the point and we'll narrow the issues as much as
11   possible, especially in light of what I anticipate will be the
12   government's letter.
13           THE COURT:  Okay.  I'm not asking you to concede
14   anything.  I'm just expressing my view.
15           MR. MARGULIS-OHNUMA:  I agree though that we're better
16   served by focusing the issues on live issues.
17           THE COURT:  Correct.  Okay.  Anything else from the
18   government, Mr. Pertz?
19           MR. PERTZ:  No, your Honor.
20           THE COURT:  Anything from the defense, Mr. Margulis?
21           MR. MARGULIS-OHNUMA:  Just a couple things.  So,
22   first of all, the reply date you gave me is Memorial Day, the
23   26th.  So maybe I could take to the 27th of May.
24           THE COURT:  Okay.
25           MR. MARGULIS-OHNUMA:  And then in terms of -- so I

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | guess I want to understand, I want to make sure we have an           |
| 2  | opportunity to respond to the government's marshaling of the         |
| 3  | evidence, and I don't think that would be --                         |
| 4  |     THE COURT:  Of course you'll have an opportunity. |

1  guess I want to understand, I want to make sure we have an
2  opportunity to respond to the government's marshaling of the
3  evidence, and I don't think that would be --
4           THE COURT:  Of course you'll have an opportunity.
5  Look, they are going to say here's the evidence.  You are going
6  to either say we want to argue it, or you are going to say we
7  concede or my client would like to admit specification blank
8  and the government agrees, that will be in full satisfaction.
9  All they are going to do is, I anticipate what their letter to
10 be is to say here's why you can find by a preponderance of the
11 evidence based on evidence you've already heard that there is a
12 violation of supervised release.  The defense will have an
13 opportunity to contest that.  I am not going to enter an order
14 that he violated supervised release without an opportunity for
15 the defendant to be heard.
16          MR. MARGULIS-OHNUMA:  Of course.  Is that on a
17 separate -- that's on a separate schedule then?
18          THE COURT:  I haven't set a schedule for it.  My
19 guess, if you want to respond, you can respond whenever you
20 want to respond to their letter.  I'm not going to set a time
21 for it.
22          MR. MARGULIS-OHNUMA:  I'll do that in a separate
23 filing.
24          THE COURT:  Or don't.  You need to respond in writing.
25 Seriously.  I'll give you an opportunity to respond orally if

P443REEC

1   you want to.  I'll give you, whatever you want to do, I'll let
2   you do it, with the understanding that I want to get this all
3   wrapped up so that this can be resolved at the same time as the
4   criminal case.
5            MR. MARGULIS-OHNUMA:  Okay.
6            THE COURT:  I would like to get Mr. Reese out of MDC
7   and on to -- I'm hoping for California.
8            MR. MARGULIS-OHNUMA:  Okay.  Understood.  So once we
9   see the government's submission --
10           THE COURT:  Because I have friends who are AUSAs in
11  California, they would love to --
12           MR. MARGULIS-OHNUMA:  Thank you, Judge.
13           THE COURT:  -- get some Mr. Reese briefs to deal with.
14  Okay.
15           Anything from you, Mr. Reese?
16           THE DEFENDANT:  No, your Honor.  Thank you.
17           THE COURT:  All right.  Thanks, everybody.  See you
18  whenever.
19           (Adjourned)
20
21
22
23
24
25