**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

UNITED STATES OF AMERICA,

    Plaintiff,

  -against-         Docket No. 24 Cr. 402 (VEC)

CHRISTOPHER REESE,       NOTICE OF MOTION

    Defendant.
---------------------------------------------------X

SIRS:

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 30 PM 12: 44

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/2/2026

PLEASE TAKE NOTICE that Defendant, CHRISTOPHER REESE, having previously invoked his statutory and constitutional rights to self-representation, upon the annexed Memorandum of Law, will move in the United States District Court for the Southern District of New York, at 500 Pearl Street, New York, NY 10007, before the Honorable Valerie E. Caproni, U.S. District Judge, on December 28, 2025, at 10:00 in the forenoon, as as soon thereafter as Defendant may be heard for:

(1) an Order directing the Government to turn over all exculpatory and/or impeachment evidence in its possession that was not previously turned over to the defense;

(2) an Order for an evidentiary hearing;

(3) an Order setting aside the jury verdict on all counts, and an order for a new trial based on newly discovered evidence, pursuant to Rule 33(a), (b)(1) of the Federal Rules of Criminal Procedure; and

(4) an Order for such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
   November 24, 2025

Respectfully submitted,

CHRISTOPHER REESE
REGISTER NO. 17878-083
MDC BROOKLYN
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

TO: CLERK OF THE COURT
  UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF NEW YORK
  500 PEARL STREET
  NEW YORK, NEW YORK 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

    -against-                          Docket No. 24 Cr. 402 (VEC)

CHRISTOPHER REESE,

        Defendant.
----------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR NEW TRIAL PURSUANT TO RULE 33(b)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

### I. PRELIMINARY STATEMENT.

In June 2024, a grand jury sitting in the Southern District of New York returned a five-count indictment charging Defendant with Wire Fraud Conspiracy, Wire Fraud, Unauthorized Practice of Law, Making False Statements, and Money Laundering Conspiracy. On July 11, 2024, Defendant was arraigned on the indictment, and the Government was reminded by the Court of its duty to turn over to the defense both exculpatory and impeachment evidence. A jury trial commenced in this matter on March 10, 2025, and concluded on March 20, 2025, with the jury returning general verdicts of guilty on all counts, with the exception of the count charging wire fraud conspiracy.

In August 2025, the Government turned over notes of three interviews conducted by the AUSA that had not been provided to the defense prior to trial. At least two of the interview produced evidence favorable to the defense. The withholding of the notes deprived Defendant of a fair trial. Defendant now seeks a new trial.

### II. STATEMENT OF FACTS.

On May 17, 2024, prior to the indictment in this case, AUSA Timothy Josiah Pertz and Sean Smyth, and investigator with the U.S. Attorneys Office for the Southern District of New York, conducted a telephonic interview of Rogelio Vasquez, a former client of the Defendant. Handwritten notes of the interview were prepared, but were suppressed from the defense until after the trial. However, the handwritten notes reflect that Mr. Vasquez, inter alia, informed AUSA Pertz and Mr. Smyth that (1) he became aware of the Defendant and services he provided through another inmate who had hired Defendant, with favorable results (i.e., his release), (2) he contacted his wife and directed her to contact Defendant and hire him to prepare a motion on his behalf, (3) Defendant prepared a motion for him which was denied, and that he did not believe he was defrauded -- instead, he believed it was simply the circumstances of his case, (4) that he only decided to hire Defendant after learning that Defendant assisted another inmate in obtaining his release, (5) that he was not promised a refund, (6) that he was not duped into hiring Defendant, and (7) he was aware that Defendant served time in prison.

Veronica Vasquez was interviewed that same day and made statements which, in part, mirrored those of Mr. Vasquez. Like Mr. Vasquez, her statements were withheld from the Defendant until after trial.

In or about late 2021, Defendant was contacted by various clients and family members who informed him that the Government had began speaking with detainees and/or their attorneys at both MDC Brooklyn and the Westchester County Jail regarding the Defendant and the services that he had been providing. To date, the Government has not turned over any of those interviews -- with the exception of those referenced in this motion. Recently, Defendant became aware of yet another interview of a family member of a former client which was filed with the Court in connection with the restitution matter, but not previously disclosed to the defense -- and Defendant still has not been furnished a copy of the statement. Upon information and belief, the statement contains factually favorable assertions.

On March 10, 2025, this case proceeded to a jury trial where the Government's proceeded with a fraudulent inducement theory, contending that Defendant lied to his clients in order to get them to hire him, and made promises to those clients regarding how the courts would decide motions he authored. The Government also claimed that Defendant hid from his clients the fact that he was a convicted felon, and that he gave money back guarantees to clients that he did not honor.

Defendant testified during that he lacked any fraudulent intent, and never knowingly made false promises in order to get prospective clients to hire him. Defendant testified that he believe each representation he made to a prospective client before they hired him, admitting that he was overly optimistic.

III.    ARGUMENTS & AUTHORITIES.

POINT ONE

THE GOVERNMENT DELIBERATELY WITHHELD FAVORABLE MATERIAL FROM THE DEFENSE, IN VIOLATION OF ITS OBLIGATION UNDER BOTH BRADY v. MARYLAND, 373 U.S. 83 (1963) AND THE DUE PROCESS PROTECTION ACT OF 2020, AND A NEW TRIAL MUST BE GRANTED

A.    The Legal Standard.

Rule 33(b)(1) of the Federal Rules of Criminal Procedure permits a district court to set aside a jury verdict of guilty, and order a new trial. Where the motion is based on newly discovered evidence, the motion must be brought within three years of the verdict. Fed. R. Crim. P. 33(b)(1). Where the newly discovered evidence is Brady material, a defendant must show: (1) that the Government willfully or inadvertently suppressed the evidence; (2) the evidence is favorable; and (3) the failure to disclose the evidence resulted in prejudice. United States v. Coppa, 267 F.3d 132, 140 (2d Cir. 2001). "'It is, of course, the Rule that a motion for a new trial must be granted if the trial was not fair to the moving party." United States v. Greer, 285 F.3d 158, 170 (2d Cir. 2000)(quoting Rivas v. Brettesani, 94 F.3d 802, 807 (2d Cir. 1996)(citing Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)).

-2-

Under Second Circuit precedent, Brady material must be disclosed "in time for its effective use at trial." Coppa, 267 F.3d at 146. The Government's duty under Brady is violated if the Government withholds information that, if suppressed, would deprive a defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985). "Where suppressed evidence is inculpatory as well as exculpatory, and 'its exculpatory character harmonize[s] with the theory of the defense case,' a Brady violation has occurred." United States v. Mahaffy, 693 F.3d 113, 130 (2d Cir. 2012)(quoting United States v. Triumph Capital Grp., 544 F.3d 149, 164 (2d Cir. 2018)); United States v. Rivas, 377 F.3d 195, 199-200 (2d Cir. 2004).

It is well established that the proper remedy for a Brady violation is vacatur of the conviction and a new trial. See, Poventud v. City of New York, 750 F.3d 121, 133 (2d Cir. 2014).

B.    The Discussion.

It is undeniable that the Government's withholding of notes of the interviews with Mr. and Mrs. Vasquez (notes that contain favorable evidence) was deliberate and in direct contravention of both Brady and the Due Process Protection Act of 2020. The statements attributed to Mr. Vasquez by AUSA Pertz supported the defense theory that Defendant did not lie to his clients in order to get them to hire him. Mr. Vasquez stated, in no uncertain terms, that he was the decision-maker, and that his decision was based on information he obtained (and observations he made) from another inmate who received assistance from the Defendant which resulted in that inmates early release from a federal sentence of imprison-ment. Mr. Vasquez stated that, but for having witness the favorable results received by a fellow inmates who hired the Defendant, he would not have sought and retained the assistance of this Defendant. Mr. Vasquez's statements supported the defense's claim that Defendant did not lie to clients, nor partake in any fraudulent inducement scheme, and that he was hired based on information prospective clients obtained regarding successful assistance he had provided to others. Mr. Vasquez's statement further supported the Defendant's testimony -- which the Government called into question -- that he authored more successful motions than those displayed during the trial.

Had the Government disclosed the statements of Mr. and Mrs. Vasquez, Defendant would have called them to testify during the trial as defense witnesses. In addition, Defendant would have called the case agent -- Sean Smyth -- as a witness to testify regarding the favorable statements made to both him and AUSA Pertz during their interviews of clients. As noted, upon information and belief, the Government conducted many interviews of former clients, family members, and attorneys of former clients regarding the assistance provided by this Defendant. The Government has not turned over notes of those interviews -- many of which likely contain favorable evidence.

-3-

The evidence here (notes of interviews of clients and potential witnesses conducted by AUSA Pertz) were withheld despite the Government acknowledging its obligation to turn over all favorable evidence in its possession prior to trial. Indeed, at the arraignment in this case (July 11, 2024) the Government acknowledged (on-the-record and in open-court) its Brady and Due Process Act obligations. Yet, it deliberately ignored its obligation in order to gain a tactical advantage and deprive Defendant of a fair trial. The evidence was clearly material to matters squarely before the jury (i.e., whether Defendant acted with the requisite fraudulent intent to commit wire fraud). Mr. Vasquez's statements provided support for the defense and would have undermined the Government's claims that Defendant used fraudulent inducement as a means of carrying out the alleged scheme to defraud. The testimony of Mr. Vasquez and investigator Sean Smyth would have established for the jury that Defendant did not overpromise results, nor did he promise any result, to each of his clients.

It bears repeating that the prosecution had a duty to disclose evidence favorable to the accused. The evidence must be material to guilt or punishment to require disclosure. Giglio v. United States, 405 U.S. 150, 154 (1972); Coppa, 267 F.3d at 139. Here, Mr. Vasquez's statements were both material to guilt or innocence of the wire fraud count of the indictment, since they speak to Defendant's use of "fraudulent inducement" in order to convince clients to hire him. In addition, it goes directly to punishment as well. The Court ordered restitution in this case to each client irrespective of whether the complained of a loss, and without regard to whether the client received the services that the consciously requested.

Information is exculpatory and thus favorable to the defense when it "directly contradicts the motive theory testified to be prosecution witnesses." Mendez v. Artuz, 303 F.3d 411, 414 (2d Cir. 2002). Such evidence is material when there is a reasonable probability that, had the evidence been timely disclosed to the defense, the result of the proceeding would have been different. Strickler v. Greene, 527 U.S. 263, 280 (1999). Non-disclosure merits relief where the failure to disclose "undermines confidence in the outcome of the trial." Kyles v. Whitley, 514 U.S. 419, 434 (1995); United States v. Schwarz, 259 F.3d 59, 64 (2d Cir. 2001). "In order for evidence to be 'material' within the meaning of Brady, a defendant does not need to show that the evidence, if disclosed, would have resulted in his acquittal; rather, he needs to show only that the evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Schwarz, 259 F.3d at 64. Defendant testified that he believed everything he told his clients, and that he never deliberately misrepresented anything to his clients in order to get them to hire him. For the Government's part, it argued to the jury that such was a lie and that he consistently promised favorable results. See, e.g., Trial Trans. at 1429:23-24 (Mar. 19, 2025)("Yet, he told his clients he had 100 percent confidence. . .and what about all the other guarantees you read in the emails?"). Mr. Vasquez's statements, and his testimony, would have demonstrated that Defendant did not tell "his clients he had 100 percent confidence" nor did he make "guarantees" to all his clients as the Government contended.

-4-

It is clear that the evidence suppressed was required to be disclosed in accordance with Brady v. Maryland and the Due Process Act of 2020. The evidence could not have been disclosed through the exercise of due diligence, and it is therefore newly discovered. For the reasons stated, the evidence is both material and the withholding of the evidence denied Defendant his substantial right to a fair trial. There can be no reasonable explanation for the suppression of the evidence, other than to deprive Defendant of his right to a fair trial. Consequently, a new trial must be granted.

POINT TWO

THE COURT SHOULD ORDER THE GOVERNMENT TO DISCLOSE NOTES OF ALL INTERVIEWS OF CLIENTS, FAMILY MEMBERS, FRIENDS, AND ACQUAINTANCES OF CLIENTS AND ATTORNEYS OF CLIENTS IT CONDUCTED IN THIS CASE PRIOR AND SUBSEQUENT TO THE TRIAL IN THIS CASE

"Generally speaking, a district court has 'broad discretion to fashion discovery mechanisms suitable to the case before it.'" United States v. Williams, Docket No. 02 Cr. 1372 (ALC), 2017 U.S. Dist. LEXIS 135235, at *5 (S.D.N.Y. Aug. 21, 2017)(quoting United States v. Velarde, 485 F.3d 553, 560 (10th Cir. 2007). "[I]n certain circumstances, some discovery may be appropriate as part of the post-trial factual development." Id. (citing United States v. Forbes, 790 F.3d 403, 441 (2d Cir. 2015)(noting the standard of review for denial of discovery in Rule 33 new-trial motion proceedings).

The Government has presumably withheld notes of countless interviews it conducted over a three year period -- disclosing, prior to trial, only interviews of witnesses it intended to call to testify, and not witnesses that it did not intend to call. The decision to withhold statements from witnesses it did not intend (and did not) call to testify is telling. Clearly, as in the case of Mr. and Mrs. Vasquez, those notes contained statements favorable to the defense. There is almost certainly additional notes of interviews that reflect favorably on the defense that the Government has deliberately suppressed, in violation of Defendant's due process rights and right to a fair trial. The Court should, as part of these post-trial proceeding, direct that the Government promptly turn over all such material.

IV.    CONCLUSION.

For the reasons stated, the Court should issue an order granting this motion in its entirety.

Dated: Brooklyn, New York
November 24, 2025

Respectfully submitted,

CHRISTOPHER REESE
REGISTER NO. 17878-083
MDC BROOKLYN
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

cc: Timothy Josiah Pertz, AUSA

-5-

Application DENIED.  The interview notes that Mr. Reese describes in this submission are not material within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963).  In the *Brady* context, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *United States v. Bagley*, 473 U.S. 667, 682 (1985).  Even if Mr. Reese is correct that the Government was in possession of interview notes showing that he had some conversations with some people whom he did not defraud, that would not in any way disturb the Government's argument, which was that Mr. Reese defrauded the *specific individuals* referenced at trial.  *See Butler v. United States*, 992 F. Supp. 2d 165, 174 (E.D.N.Y. 2014) (evidence that a securities fraud defendant had some customers whom he did not defraud does not constitute *Brady* material because "[t]he prosecution never asserted that [Defendant] defrauded all of his customers").

Moreover, "the progeny of cases post-*Brady* . . . explicitly exclude information stemming from essential facts which the defendant knew or should have known."  *United States v. Saipov*, No. 17-CR-722 (VSB), 2023 WL 3495031, at *5 (S.D.N.Y. May 16, 2023) (collecting cases).  Whatever information the Government may have possessed about interactions Mr. Reese had with his customers would have been known to Mr. Reese, who was a party to those interactions.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Reese.

 SO ORDERED.

2/2/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE