UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                               :

UNITED STATES OF AMERICA          :

                               :    **FINAL ORDER OF**

      -v.-                      :    **<u>FORFEITURE</u>**

                               :

CHRISTOPHER REESE,          :    24 Cr. 402 (VEC)

  a/k/a "Christopher Eugene Thomas,"  :

                               :

         Defendant.        :

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about February 24, 2026, this Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 170), which forfeited to the United States all right, title and interest of CHRISTOPHER REESE (the "Defendant") in the following property:

    a.    One BLU Tracphone cellphone with a serial number 356074296782654, seized by the Government on or about April 10, 2024, from the Defendant's residence located in East Meadow, New York;

    b.    One TCL Tracphone cellphone with serial number 016053001443689, seized by the Government on or about April 10, 2024, from the Defendant's residence located in East Meadow, New York;

    c.    One grey iPhone with USAO identifier SDNY 08215 and L0132332, seized by the Government on or about April 10, 2024, from the Defendant's residence located in East Meadow, New York;

    d.    One Lenovo Laptop with serial number R90YF3Jl, seized by the Government on or about April 10, 2024, from the Defendant's residence located in East Meadow, New York; and

    e.    All right, title and interest in documents, seized by the Government on or about April 10, 2024, from the Defendant's residence located in East Meadow, New York;

(a. through e., collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on March 19, 2026, for thirty (30) consecutive days, through April 17, 2026, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest in the Specific Property; and

2

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.      The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       June 9          , 2026

SO ORDERED:

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE